# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6349 | **DATE** | 6/6/2002 |
| **CASE TITLE** | Mark Morris vs. McMaster-Carr Supply Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Report and recommendation recommending that defendant's motion for dismissal as a discovery sanction [16-1] be granted in part and denied in part is hereby entered of record.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 1 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | | | 6/6/2002 | |
| IS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | IS | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 6349 |
| | ) | |
| v. | ) | Judge Wayne R. Andersen |
| | ) | |
| MCMASTER-CARR SUPPLY COMPANY, | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| | ) | |
| Defendant. | ) | |

DOCKETED
JUN 1 0 200

## REPORT AND RECOMMENDATION

Defendant McMaster-Carr Supply Company moves for dismissal as a discovery sanction pursuant to Federal Rules of Civil Procedure 37(b) and 37(d) and this Court's inherent powers. Defendant contends that dismissal is warranted because Plaintiff Mack Morris lied in his answers to interrogatories and because Plaintiff lied at his deposition. Plaintiff admits that two of his answers to interrogatories were incorrect and that, at his deposition, he initially denied facts that he later admitted were true, but Plaintiff argues that his case should not be dismissed because that sanction is too severe. For the following reasons, this Court agrees with Plaintiff that dismissal is too severe of a sanction and recommends that Defendant's motion for sanctions be granted in part and denied in part.[1]

---

[1] This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1 for a report and recommendation.

# I.

On December 1, 1999, Plaintiff applied for a warehouse position with Defendant. Five days later, Defendant informed Plaintiff that he would not be hired because he did not meet the requirements for the job. On August 16, 2001, Plaintiff filed a complaint against Defendant in federal court for hiring discrimination based on race and gender.

In discovery, Defendant submitted an interrogatory to Plaintiff relating to his employment history:

> Identify each person by whom plaintiff has been employed at any time on or after June 1, 1986. For each such person or employer identified, state the dates between which plaintiff was employed by each such person, the job title(s) held and the corresponding dates, the rate of compensation earned for each such position, the benefits to which plaintiff was entitled, the number of hours per week plaintiff worked, and the identity of plaintiff's immediate supervisor.

(Def.'s Mem. Supp. Mot. Sanctions Ex. 4 ¶ 5.) Plaintiff answered by listing information about seven different jobs dating from June 1986 to the present. Defendant also submitted an interrogatory to Plaintiff relating to his involvement in other proceedings:

> State whether there is or ever has been a judicial or administrative proceeding, civil or criminal, relating to plaintiff's employment with any employer, or to which plaintiff has been or currently is a complainant, respondent, plaintiff or defendant, or is otherwise related as a party. With respect to each such proceeding, identify the proceeding by caption, court or agency, judge or arbitrator, and docket number; describe all claims asserted or matters involved in the proceeding; and describe the final disposition or current posture of the proceeding.

(*Id.* ¶ 10.) Plaintiff answered, "None." With respect to both answers, Plaintiff swore under oath that he "reviewed [the answers]" and that the answers were "true and correct to the best of [his] knowledge." (*Id.* at 6.)

Defendant's counsel independently obtained documentation indicating that Plaintiff's answers were false. At Plaintiff's deposition, Defendant's counsel asked Plaintiff a series of questions relating to his employment history and involvement in prior proceedings. Plaintiff admitted the following facts, which were not disclosed in his answers to interrogatories: he worked at Dominick's from 1992 until 1994 (not from July 1992 until August 1998, as stated in his answers to interrogatories); he worked at Commonwealth Edison from August 1994 until August 1998; he worked at Dominick's during November 1999; and he filed a discrimination claim against Commonwealth Edison sometime after August 1998. (Pl.'s Dep. at 5-7, 58-59, 114, 118-20, 142-43.) While testifying at his deposition, Plaintiff repeatedly denied being terminated by Dominick's in November 1999 (at the end of a thirty-day probationary period) and being suspended while working at Universal Coach Parts until Defendant's counsel confronted Plaintiff with conflicting documentation. (*Id.* at 54, 115-20, 134.) Near the end of his deposition, Plaintiff explained that he forgot to list Commonwealth Edison and the correct dates of his employment at Dominick's in his answers to interrogatories, that he misunderstood or overlooked the question relating to his involvement in prior proceedings, that he forgot the reason why Dominick's terminated him in 1999, and that he erred by stating that he was never suspended while working at Universal Coach Parts. (*Id.* at 122-24, 136.)

## II.

It is well settled that district courts have the inherent power to sanction litigants for giving false testimony at a deposition and submitting false answers to interrogatories. *Quela v. Payco-Gen. Am. Credits, Inc.*, No. 99 C 1904, 2000 WL 656681, at *6-8 (N.D. Ill. Mar. 26,

2000); *Rodriguez v. M & M/Mars*, No. 96 C 1231, 1997 WL 349989, at *2 (N.D. Ill. June 23, 1997); *Brady v. United States*, 877 F. Supp. 444, 452-53 (C.D. Ill. 1994); *Fautek v. Montgomery Ward & Co.*, 96 F.R.D. 141, 145 n.5 (N.D. Ill. 1982). Some courts have held that Federal Rule of Civil Procedure 37(b), which authorizes sanctions for violation of a court order, also provides a basis for imposing sanctions against a litigant who gives false testimony at a deposition, despite the absence of a court order. *See Dotson v. Bravo*, 202 F.R.D. 559, 570 (N.D. Ill. 2001); *Quela*, 2000 WL 656681, at *6; *cf. Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994). Federal Rule of Civil Procedure 37(d) expressly states that if a party fails to serve answers to interrogatories, then the court may make such orders in regard to the failure as are just. Fed. R. Civ. P. 37(d). Courts have applied this provision when answers to interrogatories contain false information since such answers are often as good as no answers at all. *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976); *EEOC v. Sears, Roebuck & Co.*, 114 F.R.D. 615, 626 (N.D. Ill. 1987) (quoting *Fautek*, 96 F.R.D. at 145 n.5). In some ways, giving a false answer is worse than no answer; it confuses the other party. *Evanson v. Union Oil Co.*, 85 F.R.D. 274, 277 (D. Minn. 1979).

Upon finding that false information has been communicated, the court must determine whether the communicating party should be sanctioned. Parties must take reasonable steps to ensure that they provide complete and accurate information in discovery. So negligence or inadvertence, not just bad faith or willfulness, is sanctionable. *Sears, Roebuck & Co.*, 114 F.R.D. at 626. The degree of culpability, however, bears on the type of sanction that is imposed.

Dismissal of the case may be ordered where the communicating party acted in bad faith[2] or willfully, while less harsh sanctions should be imposed if the communicating party acted negligently or inadvertently. *Brady*, 877 F. Supp. at 452; *Sears, Roebuck & Co.*, 114 F.R.D. at 626. The court should also take into account the severity of the misconduct when imposing sanctions. *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 223-24 (7th Cir. 1992). A clear record of contumacious conduct or a showing that less drastic sanctions have failed to deter misconduct warrants harsher sanctions. Lastly, the court should consider the prejudice to the affected party and to the judicial system that is caused by the communicating party's misconduct when determining the appropriate sanction. *Quela*, 2000 WL 656681, at *8.

In this case, we have no doubt that Plaintiff acted in bad faith when providing false information to Defendant. First, Plaintiff acted in bad faith when he provided false answers to interrogatories relating to his employment history and involvement in prior proceedings. As evinced at his deposition, Plaintiff could readily recite, without reviewing any documents, information about when he worked at Dominick's and Commonwealth Edison as well as the fact that he initiated a proceeding against Commonwealth Edison before the Illinois Department of Human Rights. (Pl.'s Dep. at 5-7, 58-59, 112-13.) Based on the evidence presented, we can conclude only that Plaintiff did not reveal this information in his answers to interrogatories because he either intentionally or recklessly chose not to. Next, Plaintiff acted in bad faith when he initially provided false answers at his deposition relating to the reason for his termination at Dominick's in 1999 and to his suspension while working for Universal Coach Parts. (*Id.* at 54,

---

[2] To act in bad faith is to intentionally or recklessly disregard one's obligations. *Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 223 (7th Cir. 1992).

116.) When pressed by Defendant, Plaintiff admitted that he was terminated by Dominick's in 1999 and that he was suspended while working for Universal Coach Parts. (*Id.* at 119-20, 135-36.) Once again, based on the evidence presented, we can conclude only that Plaintiff did not initially admit these facts at his deposition because he either intentionally or recklessly chose not to.

Accordingly, we dismiss Plaintiff's excuses for communicating false information; they are unbelievable. Plaintiff's excuse that he forgot to list Commonwealth Edison and the correct dates of his employment at Dominick's in his answers to interrogatories has the markings of an afterthought considering the way in which the excuse was proffered at the deposition—i.e., the evasiveness and cavalierness that proceeded and followed it. In assessing Plaintiff's credibility on this issue, we cannot help but take into account Plaintiff's deposition testimony regarding his reasons for providing false information on certain employment applications[3] and the proximity in time between when Plaintiff worked at Dominick's and Commonwealth Edison and the present day. After doing so, it becomes even more clear that Plaintiff is not forgetful but rather deceitful. Along these same lines, we find that Plaintiff did not misunderstand or overlook the interrogatory regarding his involvement in prior proceedings, did not forget the reason why Dominick's terminated him in 1999, and did not simply speak incorrectly by answering that he was never

---

[3] For example, Plaintiff failed to disclose his employment at Commonwealth Edison on the application for employment he submitted to Defendant in 1999. At his deposition, Plaintiff explained that he omitted this information because he did not want to use Commonwealth Edison as a reference. (Pl.'s Dep. at 44.) When asked why he failed to disclose his November 1999 employment at Dominick's on the application for employment he submitted to Defendant in 1999, Plaintiff explained that he must have forgot. (*Id.* at 120-22.) Plaintiff, however, submitted his 1999 application to Defendant two days after being terminated by Dominick's. For additional evidence of Plaintiff's propensity to not tell the truth, see Defendant's memorandum in support of its motion for sanctions.

suspended while working at Universal Coach Parts. To the contrary, Plaintiff was acting in bad faith, trying to hide information from Defendant.

The question then is what type of sanction is appropriate to punish Plaintiff and to deter Plaintiff and others from engaging in such misconduct. At this time, we are reluctant to dismiss Plaintiff's case, as requested by Defendant. Although Plaintiff has acted in bad faith on more than one occasion, he did come clean at his deposition. *Cf. Dotson*, 202 F.R.D. at 570; *Quela*, 2000 WL 656681, at *1-5; *Rodriguez*, 1997 WL 349989, at *2. For example, Plaintiff readily answered questions regarding the dates of his employment at Dominick's and at Commonwealth Edison at his deposition. After some prodding, Plaintiff admitted the reason for his termination at Dominick's in 1999 and the fact that he was suspended while working at Universal Coach Parts. This is not to say that Plaintiff's bad faith is therefore tolerable. Nothing could be further from the truth. But the fact that Plaintiff decided to change his tune when confronted with conflicting documentation must not be overlooked. We also point out that the degree of prejudice suffered by Defendant in this case is not severe. It appears that Plaintiff's misconduct has resulted in increased costs for Defendant to defend this case, but nothing more. (*See* Def.'s Mem. Supp. Mot. Sanctions at 14.)

As a result, the appropriate sanction, in our opinion, is for Plaintiff to pay to Defendant an amount equal to the attorney's fees and expenses that Defendant incurred in connection with the investigation of Plaintiff's answers to interrogatories and the filing of the instant motion for sanctions. Furthermore, all facts associated with Plaintiff's false information should be deemed

to be true.[4] Hence, Plaintiff cannot dispute that he was terminated by Dominick's in 1999 because his performance was poor. These sanctions are proportionate to the circumstances surrounding Plaintiff's misconduct in discovery. Additionally, these sanctions should deter Plaintiff and others from engaging in such misconduct in the future. Let it be clear, though, that any additional misconduct by Plaintiff will result in harsher consequences.

### III.

For the reasons stated, this Court recommends that Defendant's motion for sanctions be granted in part and denied in part. Plaintiff should pay to Defendant an amount equal to the attorney's fees and expenses that Defendant incurred in connection with the investigation of Plaintiff's answers to interrogatories and the filing of the instant motion for sanctions. Furthermore, all facts associated with Plaintiff's false information should be deemed to be true.

MARTIN C. ASHMAN
United States Magistrate Judge

Dated: June 6, 2002.

---

[4] This does not constitute a finding that any of these facts are admissible at trial.

- 8 -

Written objections to any finding of fact, conclusion of law, or the recommendation for disposition of this matter must be filed with the Honorable Wayne R. Andersen within ten (10) days after service of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b). Failure to object will constitute a waiver of objections on appeal.

Copies have been mailed to:

| | |
|---|---|
| HUBERT O. THOMPSON, Esq. | MAX G. BRITTAIN, JR., Esq. |
| RONALD AUSTIN, JR., Esq. | CHRISTINE GREENER UHLIG, Esq. |
| Brothers & Thompson, P.C. | Schiff Hardin & Waite |
| 20 East Jackson Boulevard | 6000 Sears Tower |
| Suite 650 | Chicago, IL 60606 |
| Chicago, IL 60604 | |
| | NICOLE FINITZO, Esq. |
| | CHARLENE Q. KALEBIC, Esq. |
| | Schiff Hardin & Waite |
| | One Westminster Place |
| | Lake Forest, IL 60045 |
| Attorneys for Plaintiff | Attorneys for Defendant |